UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Howard G. Jackson, | Case No. 19-cv-1255 (ECT/DTS) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Bradley M. Schaeppi Law Office PLLP, | |
| Defendant. | |

---

This matter comes before the Court on Plaintiff Howard G. Jackson's (1) Complaint, ECF No. 1, and (2) Application to Proceed in District Court Without Prepaying Fees or Costs, ECF No. 2 (Application). For the following reasons, the Court recommends (1) dismissing this action without prejudice for lack of jurisdiction, and (2) denying the Application as moot.

Under Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." After reviewing the Complaint, the Court finds that it lacks subject-matter jurisdiction over this action. As the Court understands the Complaint, Jackson alleges that Defendant Bradley M. Schaeppi Law Office PLLP filed an eviction action against him, leading to a hearing in May 2019. *See* Compl. 4. Jackson asserts that at this hearing, he explained—presumably to Bradley Schaeppi himself—that the eviction should not occur because another entity, GRH Housing (GRH), was supposed to be paying his rent. *See id.* GRH had allegedly stopped paying Jackson's rent in retaliation for legal action

Jackson had started against GRH itself.  *See id.*[1]  Jackson alleges that Defendant committed malpractice and violated Jackson's "[h]uman rights" and "[c]ivil rights."  *Id.*  He seeks "compensatory and monetary" damages.  *Id.*

The Court sees no basis here for federal subject-matter jurisdiction.  Jackson asserts that federal-question jurisdiction exists in this case.  *See id.* at 3.[2]  Under 28 U.S.C § 1331, which provides for federal-question jurisdiction, "[t]he district courts shall have jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  Federal-question jurisdiction exists either when (1) "federal law creates the cause of action" or (2) "the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27–28 (1983); *see also* McNeill v. Franke, 171 F.3d 561, 563 (8th Cir. 1999) (quoting *Franchise Tax Bd.*).

---

[1] Jackson does not name this GRH entity as a defendant in this matter, nor does he name Schaeppi himself.

[2] Jackson has not asserted that diversity jurisdiction under 28 U.S.C. § 1332 exists here, *see* Compl. 3, and review of the Complaint suggests that diversity jurisdiction does not apply. Generally, diversity jurisdiction only exists where no defendant is a citizen of a state where any plaintiff is a citizen. *See, e.g.*, *E3 Biofuels, LLC v. Biothane, LLC*, 781 F.3d 972, 975 (8th Cir. 2015). Here, Jackson names as a defendant a professional limited-liability partnership, and for diversity-jurisdiction purposes, "'[w]hen one of the parties to the action is a limited partnership, the citizenship of each general and limited partner must be considered in determining whether complete diversity of citizenship exists.'" *COKeM Int'l, Ltd. v. Project Tri-Force, LLC*, No. 18-CV-0958 (PJS/SER), 2018 WL 4259877, at *1 (D. Minn. July 2, 2018) (quoting *Barclay Square Props. v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis*, 893 F.2d 968, 969 (8th Cir. 1990) (brackets in *COKeM Int'l*). As a result, diversity jurisdiction could apply here only if no individual partner within Defendant is a Minnesota citizen. Jackson makes no effort to identify the Defendant's constituent partners, but given his statement (for purposes of establishing venue) that "Defendant(s) reside in Minnesota," *see* Compl. 3, the Court has no basis on which to find that diversity jurisdiction exists. Indeed, it seems highly likely that Jackson (a Minnesota resident, *see id.* at 2) cannot bring this suit based on diversity jurisdiction. It is certain that he has not established it based on his pleadings.

2

Asked the basis for federal-question jurisdiction, Jackson responds simply "Human Rights" and "Civil Rights."  *See id.*  He does not say what statute applies here, and the Complaint's allegations do not suggest any plausible options to the Court.[3]  Jackson also asserts that Defendant committed malpractice, but that is a state-law cause of action, and a state-law cause of action cannot itself ground federal subject-matter jurisdiction.  *See, e.g.*, *Nelson v. Minn. Dep't of Transp.*, No. 18-CV-0909 (SRN/LIB), 2018 WL 4511989, at *1 (D. Minn. Aug. 15, 2018), *report and recommendation adopted*, 2018 WL 4511975 (D. Minn. Sept. 6, 2018).

As this Court lacks subject-matter jurisdiction over this action, the Court recommends that this action be dismissed without prejudice.  Given that, the Court also recommends that the Application be denied as moot.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. This action be **DISMISSED** without prejudice for lack of jurisdiction.

2. Plaintiff Howard G. Jackson's Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 2) be **DENIED** as moot.

Dated: June 20, 2019  　　　　　　　　　s/David T. Schultz
　　　　　　　　　　　　　　　　　　　DAVID T. SCHULTZ
　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

---

[3] The Court is, of course, aware of federal civil-rights statutes, such as the Fair Housing Act (i.e., Title VIII of the Civil Rights Act of 1968), 42 U.S.C. §§ 3601–19. Generally, however, such statutes bar conduct by individuals or entities acting on the basis of race or some other protected class.  *See, e.g.*, 42 U.S.C. § 3604 (barring various forms of treatment when done "because of race, color, religion, sex, familial status, or national origin"). In this case, however, Jackson nowhere asserts that Defendant (or anyone else) discriminated against him because of his membership in a protected class.

3

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).